CALOGERO, Justice.
Henry Washington was charged by bill of information with aggravated battery upon Sharon Calvin, in violation of R.S. 14:34. The jury returned a verdict of guilty as charged. Defendant was sentenced to ten years at hard labor. Thereafter he was multiple billed under Revised Statute 15:529.1, was found to be a multiple offender, and was sentenced to serve twenty years at hard labor. Defendant Washington relies on four assignments of error for reversal of his conviction and sentence.
On December 10,1975, defendant went to visit Sharon Calvin, whom he had formerly lived with, at the home of her mother. The two went into a back bedroom where an argument ensued. In the course of the argument, Ms. Calvin was shot three times.
ASSIGNMENT OF ERROR NO. 1
Defendant made oral statements, presumably inculpatory, to several police officers. As recited to the jury by two of the officers, the statements were these:
Officer Phillips: “He stated that he had been involved in an argument with his girlfriend. And he had been cut during that argument. He stated, also to me T think I may be wanted for attempt murder.’ ... At Charity Hospital, he made the statement he was cut by his girlfriend, the victim.”
Officer Scott: “We went to Charity Hospital and spoke to Mr. Washington. And while he was somewhat crying, he stated that he was sorry that he had shot the victim, a Mrs. Sharon Calvin.” * * “Well, Your Honor, he was in an emotional state. He was upset. And told us he was sorry that he had shot his one Sharon. He didn’t call her by name. He said he was sorry.” * * * “He said, ‘I’m sorry that I shot her’ ” * * * He was crying at the time. And he stated he was sorry he had shot her.”
Defendant’s contention is that the testimony of Officer Scott over defense objection should not have been allowed.
*260 The state’s answer to motion for bill of particulars, in pertinent part, related that defendant had made oral inculpatory statements. At the hearing on the motion for bill of particulars, the assistant district attorney stated to the court that its afore-stated answer referred to the defendant’s having told a police officer that “I had a fight with my girlfriend.” Thereafter, and prior to trial the state notified defendant as required by Article 768 of the Code of Criminal Procedure of its intended use of oral statements made to Officers Phillips and Stakes (Officer Scott’s partner) on December 10th at the Fifth District Police Station and at Charity Hospital.
Defendant’s argument is that the district attorney’s statement at the hearing on the motion for bill of particulars had alluded only to the defendant’s oral inculpatory statement made to Officer Phillips (concerning which Officer Phillips properly testified at trial). He contends that he was misled into believing that he would only be facing at trial that oral inculpatory statement made to Officer Phillips about the fight with, and cutting by his girlfriend. Defendant contends that the 768 notice did not remove the element of surprise to defendant occasioned by Officer Scott’s testimony at trial because the 768 notice was too general, particularly in light of the district attorney’s statement at the earlier hearing that there was an oral inculpatory statement.
We find no merit in defendant’s argument. To begin with, the 768 notice was substantially sufficient. Unlike the notice in State v. Sneed, 316 So.2d 372 (La.1975), the defendant here was told when, where and to whom the statements were made.
In addition to the oral statements made to Officer Phillips and to which he testified, defendant was aware that the state intended to use oral inculpatory statements made to Officer Stakes. The statement to which Officer Scott testified was actually made in the presence of both Officers Scott and Stakes, and both repeated it on the predicate. It was coincidental then, that Officer Scott testified to the statement at trial, because either officer could have so testified. Moreover, there is no requirement that the defendant be told precisely the substance of these oral inculpatory statements. State v. Alexander, 351 So.2d 505 (La.1977); State v. Sharp, 338 So.2d 654 (La.1976).
Furthermore there was no purposeful deception on the part of the district attorney . in his statement made at the hearing on the motion for bill of particulars. See, State v. Boothe, 310 So.2d 826 (La.1975).
The assignment is without merit.
ASSIGNMENT OF ERROR NO. 2
Defendant assigns as error the refusal of the trial judge to grant a new trial. He contends that there was no evidence of an essential element of the offense of aggravated battery, namely, the intent to commit the crime.
An allegation that there was presented no evidence of an essential element of the crime presents a reviewable question of law. State v. Tyler, 342 So.2d 574 (La.1977); State v. Finley, 341 So.2d 381 (La.1976). However, when the record contains some evidence of each element of the offense, the conviction may not be set aside. State v. Anthony, 347 So.2d 483 (La.1977).
In order to successfully withstand a no evidence challenge to an aggravated battery charge, the record must show that the state introduced some evidence from which the jury could have inferred that defendant had a general intent to commit the crime. State v. Brumfield, 329 So.2d 181 (La.1976). We find that this record does contain such evidence.
First, the testimony shows that the victim had been shot three times, a fact which could evidence an intention to harm, in contrast to an accidental shooting. More importantly, however, the testimony of Kim Calvin, defendant’s sister, reflects that the victim screamed, “Oh Henry, please don’t do that.” The fact that the victim protested in this way is some evidence from which a jury could have found that rather than having shot the victim accidentally defend *261 ant had the requisite criminal intent. Furthermore, Kim Calvin testified that defendant attempted to fire the gun at her, and actually placed the gun at her head, immediately after shooting the victim. The totality of this evidence easily constitutes some evidence that defendant Washington had the requisite intent to commit the crime of aggravated battery.
ASSIGNMENT OF ERROR NO. 3
Defendant was multiple billed under the Habitual Offender Act, R.S. 15:529.-1. He filed a motion to quash the multiple bill contending the bill of information failed to charge an offense punishable under a valid statute. C.Cr.P. 532. The motion was denied, and defendant was found to be a multiple offender and sentenced to twenty years at hard labor. He now attacks that sentence, contending that R.S. 15:529.1(C) is unconstitutionally vague, ambiguous and overbroad and therefore violates the constitutional guarantee of due process and equal protection of the law.
Article 15:529.1(C) provides in pertinent part that the section shall not be applicable regarding enhanced penalties for multiple convictions in cases where more than five years have elapsed since the expiration of the maximum sentence or sentences of the previous conviction or convictions, and the time of the commission of the felony for which he has currently been convicted. Defendant’s contention that “expiration of the maximum sentence or sentences” is vague, ambiguous and overbroad is without merit in view of the interpretation which this Court has given the statute. In State v. Anderson, 349 So.2d 311, 314 (La.1977) we stated that:
“[A] sentence expires when the prisoner is discharged from state custody and supervision, not when the theoretical date arrives on which the initial sentence would have terminated. Thus, when the convicted person is discharged earlier (as well as later) than the expiration date of the sentence initially sentenced, then the actual maximum sentence is that determined by his date of legal discharge, whether extended through revocation of parole or shortened by law due to “good time” diminution of the initial sentence. It is not until the date of actual discharge that the individual has fully paid his debt to society, insofar as owed because of an offense for which he has been convicted.”
We do, however, construe defendant’s assignment to raise an underlying argument concerning whether or not the multiple bill proof fulfilled these requirements. Although we have been furnished a copy of the transcript on the motion to quash the multiple bill, including a stipulation by the defense and the state concerning the time served prior to release from prison on the two prior convictions (of February 14, 1967 and May 13, 1970), it is still not clear to us exactly when defendant was actually released from incarceration and/or parole on the two-count 1970 conviction. Thus, we cannot determine whether defendant has or has not enjoyed the five-year cleansing period between his discharge from custodial liability for the May, 1970 convictions and the time of the commission of this aggravated battery. Accordingly, we find it necessary to vacate the sentence and remand the case for further proceedings and for reim-position of an appropriate sentence.
ASSIGNMENT OF ERROR NO. 4
Defendant contends on appeal that the state failed to bear its burden to prove the venue of the offense beyond a reasonable doubt. C.Cr.P. 615; State v. Hollingsworth, 292 So.2d 516 (La.1974). This issue was not raised at trial, or after trial on a motion for new trial. Furthermore, no error was assigned complaining of the alleged deficiency in proof of venue. Moreover, a defect in proof of venue is not an error patent on the face of the record. C.Cr.P. art. 920; see State v. Oliveaux, 312 So.2d 337 (La.1975).
Therefore, this assignment presents nothing for our review.

Decree

For the foregoing reasons the conviction of the defendant Henry Washington is af *262 firmed. The sentence imposed is vacated and the case remanded to the district court for further proceedings and the imposition of an appropriate sentence.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED.