FORET, Judge.
The defendant, Quintus D. Bowie, was charged by bill of information with aggravated battery, in violation of LSA-R.S. 14:34. After initially pleading guilty, defendant was allowed to withdraw that plea and enter a plea of not guilty. On November 8, 1983, he was tried before a jury and found guilty. The court sentenced him to four years at hard labor in the custody of the Department of Corrections.
Defendant has appealed his conviction and filed two assignments of error contending that:
(1) The trial court erred in excluding from evidence two grand jury indictments which had charged defendant with less severe crimes (aggravated assault) in connection with the incident that forms the basis of defendant’s conviction; and
(2) The court erred in failing to grant defendant’s motion for post-conviction relief based on the prosecution’s failure to carry its burden of proof.
FACTS
In the early evening of December 30, 1982, Deshon Jenkins and Stephanie Ogle-tree left Jena in a car owned by Jenkins' mother to go to Alexandria where they planned to see a movie. Their leaving was observed by the defendant, who had dated Ogletree until Ogletree ended their relationship. Defendant began following them.
Observing defendant following them as they traveled toward Alexandria, first on La. Highway 8, and then on La. Highway 165, Jenkins decided to turn off toward Pineville in an attempt to “lose” the defendant. In Pineville, Jenkins drove through a store parking lot and down several back streets, but was unable to elude the defendant.
Jenkins decided to head back to Jena. The defendant continued to follow, and while still in Pineville, the defendant passed the car with Jenkins and Ogletree in it. The defendant stopped his car ahead of *1035 Jenkins’ car, blocking or partially blocking the road. He got out of his car and walked up to Jenkins’ car. He told Ogletree that he wanted to talk to her and ordered Jenkins to pull to the side of the road. He then returned to his car, and pulled over to the side of the road. Ignoring the defendant’s demand, Jenkins drove off and headed back toward Jena, following the route by which he had come. Defendant continued to follow but, along the way, he stopped for gas, and Jenkins and Ogletree lost sight of him. Nonetheless, defendant was able to catch up a few minutes later some twelve to fourteen miles from Jena in LaSalle Parish.
Jenkins, Ogletree, and the defendant all testified at trial to the events of the next few minutes. The defendant’s testimony contradicted that of Jenkins and Ogletree. Jenkins testified that when defendant caught up with them, defendant bumped his car two or three times from behind. He claimed that defendant then pulled up alongside his car and bumped it from the side some ten to fifteen times in an attempt to run his car off the road. Jenkins testified that the two cars were traveling sixty-five to seventy miles per hour and that he was only able to maintain control of his car with great difficulty. Ogletree stated that she did not remember the bumping from behind, but remembered the defendant coming up alongside the driver’s side of their car and trying to force them off the road. Both Jenkins and Ogletree testified that after defendant tried to run them off the road, he pulled up alongside their car and fired four or five shots into the car with a pistol, breaking the front two windows and the rear window. They testified that when the shooting began, Ogletree got down on the floorboard of the car.
In an attempt to get away from the defendant, Jenkins turned his car around three or four times, but the defendant got in front of him each time and blocked the road. Ogletree testified that, at one point, the defendant headed straight toward their car and fired at them. Jenkins testified that at no time before defendant began firing did he try to run him off the road. Jenkins did admit that after the defendant started shooting at him, he may have tried to run the defendant off the road in an attempt to protect himself.
For his part, defendant testified that he did not deliberately hit Jenkins’ car, nor did he try to run it off the road. He stated that the collision occurred as he attempted to pass Jenkins’ car because Jenkins swerved his car into his. He admitted shooting at Jenkins’ car, but maintained that he did so only because Jenkins was swerving into his car. Nevertheless, defendant admitted that he could have slowed down and avoided the incident.
Eventually, Jenkins and Ogletree were able to elude the defendant and return to Jena. Jenkins was examined by Dr. Robert T. Kendrick, who found that he had a cut over his left eye and another on his neck from which a metal fragment was removed. The doctor also found and removed a number of glass fragments from Jenkins’ scalp. Ogletree was apparently unharmed. An examination of the Jenkins car following the incident revealed small dents and blue paint (defendant’s car was blue with a white roof) on the driver’s side, several bullet holes, and broken windows.
ASSIGNMENT OF ERROR NUMBER 1
The defendant contends that the trial court erred in excluding from evidence two grand jury indictments which had charged defendant with less severe crimes in connection with the incident which forms the basis of his present conviction. The defendant points out that one of the victims, Stephanie Ogletree, is the step-daughter of a LaSalle Parish deputy. He argues that the fact that the D.A. nolle prossed the original charges against the defendant and filed an amended bill of information involving more severe charges indicated “bias or prejudice” on the part of the LaSalle Parish District Attorney’s Office in favor of the deputy and his family. He maintains that the original bills of indictment were admissible as evidence of this alleged “bias or prejudice”.
*1036 In his brief, defendant argues that the court’s exclusion of the indictments denied him his constitutional right to use cross-examination to expose bias or interest on the part of a witness. See Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347. Nevertheless, neither in making his objection to the court’s ruling nor in brief does defendant argue that he intended to use the indictments to show the bias or prejudice of any witness. Clearly, what defendant was attempting to show was not the bias or prejudice of a witness, but that of the district attorney’s office. We think that the court’s exclusion of the indictments for this purpose was entirely proper.
Under LSA-C.Cr.P. Art. 61, subject to the supervision of the attorney general, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district and may determine whom, when, and how he should prosecute. The district attorney’s decision to nolle prosse the original grand jury indictment for two counts of aggravated assault and file an amended bill of information for one count of aggravated battery was clearly within the district attorney’s authority. LSA-C.Cr.P. Art. 382 provides that the prosecution of any offense in district court which is not punishable by death or life imprisonment may be initiated by information. The fact that the grand jury had returned a true bill for a lesser charge did not deprive the district attorney of his authority to file an information charging defendant with aggravated battery. Even the return of “not true bill” does not preclude the district attorney from subsequently charging a crime by bill of information. State v. Tanner, 425 So.2d 760 (La.1983).
Under the circumstances, the introduction of the indictments in an attempt to show that the district attorney’s office, although entitled to do what it did, did so with a bad motive would have only confused the jury and resulted in prejudice toward the State. The bias or prejudice which the defendant sought to show rested on a tenuous connection which ran from the step-father of Ogletree, a deputy sheriff, to the sheriff’s department and thence to an entirely independent body, the district attorney’s office. Given the tenuous connection between the proffered evidence and the fact which the defendant sought to prove, the probative value of the proffered evidence was slight. On the other hand, the risk that the proffered evidence would confuse the jury and unduly prejudice the State was great. See State v. Ludwig, 423 So.2d 1073 (La.1982); State v. Moore, 278 So.2d 781 (La.1973). Furthermore, the harm which resulted to defendant from this alleged bias and prejudice was that the district attorney’s office did what the law entitled it to do. Under the circumstances, the judge properly excluded the indictments.
ASSIGNMENT OF ERROR NUMBER 2
By this assignment, defendant contends that the trial court erred in denying his motion for post-conviction acquittal based upon the State’s failure to carry its burden of proof. More particularly, defendant maintains that the State failed to prove beyond a reasonable doubt that the defendant did not act in self-defense.
The standard of review for sufficiency of evidence is whether a rational trier of fact, accepting the facts in the light most favorable to the prosecution, could have found the defendant guilty of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982).
When viewed in the light most favorable to the prosecution, the facts of the present case appear as follows: the defendant followed the two victims as they drove from Jena to Alexandria. Jenkins attempted to “lose” the defendant in Pineville but was unable to do so, and, a short time later, the defendant stopped his car in front of Jenkins’ car and forced Jenkins to stop. The defendant then told Ogletree that he wanted to talk to her and returned to his car. When the defendant returned to his car, *1037 Jenkins left the scene of the discussion and headed back toward Jena, followed by defendant. Twelve to fourteen miles from Jena, defendant bumped Jenkins’ car from the rear two or three times, then pulled up alongside and bumped the car from the side in an attempt to run Jenkins’ car off the road. Jenkins was only able to maintain control of his car with great difficulty. At this point, defendant, while alongside Jenkins’ car, fired four or five pistol shots into Jenkins’ car. Jenkins, in an attempt to elude the defendant, turned his car around three or four times, but the defendant got in front of him each time and blocked the road. At one point, the defendant headed his car straight toward the Jenkins car and fired a pistol shot at it. Jenkins was treated by Dr. Robert T. Kendrick for injuries he received in the encounter.
Battery is defined, in pertinent part, as “the intentional use of force or violence upon the person of another”. LSA-R.S. 14:33. Aggravated battery is “a battery committed with a dangerous weapon”. LSA-R.S. 14:34. As outlined above, there was evidence indicating that defendant had intentionally fired upon Jenkins with a .38 pistol and that Jenkins had sustained injuries as a result of that attack. The evidence was sufficient for any rational trier of fact to have concluded that defendant was, beyond a reasonable doubt, guilty of the crime of aggravated battery.
Defendant’s major contention is that he acted in self-defense. This claim, however, is contradicted by the testimony of Jenkins and Ogletree. Although Jenkins admitted that he might have tried to run the defendant off the road after defendant shot at him, he testified that at no time before defendant fired the shots did he attempt to run defendant off the road. Accepting this testimony of Jenkins (which we must under the standard of Jackson v. Virginia, supra), the defendant’s claim of self-defense stands rebutted. Moreover, the defendant himself admitted that he could have slowed down and avoided the entire incident. Instead, he persisted in his threatening and dangerous conduct.
In his brief, defendant makes much of what he claims are inconsistencies in the State’s case. He brings the following facts to this Court’s attention: Jenkins testified that defendant first bumped his car from behind. Ogletree stated that she did not remember this. A photograph of Jenkins’ car does not reveal any damage to the rear of the vehicle. Ogletree testified that, at one point, defendant headed straight toward Jenkins’ car and fired at it. Jenkins did not mention this in his testimony.
Initially, we note that these so-called inconsistencies do not bear directly on defendant’s guilt or innocence. Defendant admits shooting at the Jenkins vehicle and the inconsistencies he complains of do not concern facts which directly reflect on his claim that he was acting in self-defense. Furthermore, these so-called inconsistencies do not involve contradictory testimony but only minor additions or omissions by Ogletree or Jenkins. Such additions or omissions are perfectly understandable given the terrifying nature of defendant’s attack on these two teenagers. The court properly denied defendant’s motion for post-conviction relief. This assignment of error is without merit.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.