WARD, Judge.
On August 15, 1990, defendant, Moses Tatten, Jr. was charged by a bill of information with the distribution of a substance falsely represented to be crack cocaine, a crime defined in La.R.S. 40:971.1. Through his counsel, Tatten filed numerous pre trial motions which for the most part were denied. Tatten was tried by a jury which found him guilty. The State then charged him with being a multiple offender. After a hearing to determine if Tatten’s sentence should be enhanced, the trial court found Tatten was a multiple offender, having been convicted twice for felonies before his latest conviction.
Tatten has appealed, contending the trial court erred by finding him to be a multiple offender. We agree, and we reverse the trial court’s finding in the sentencing enhancement proceedings, and remand this matter for further proceedings in accordance with LSA-R.S. 15:529.1.
The trial court erred by finding Tat-ten was a third offender because the record does not show that Tatten was convicted for his second offense within five years *1275 after release from prison. According to LSA-R.S. 15:529.1(C), governing habitual offenders:
[T]his Section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said five year periods.
The Louisiana Supreme Court in State v. Anderson, 349 So.2d 311 (La.1977) has held that the state has the burden of proving that the five-year cleansing period has not expired. The Anderson Court, explaining the Habitual Offender provisions, stated:
La.R.S. 15:529.1 of the multiple offender statute, describes the prima facie evidence required by the state to support a defendant being adjudged a multiple offender, and thus subject to the enhanced punishment. The record of the prior offense required to be introduced shall contain: “a statement of the court in which a conviction was had, the date and time of the sentence, length of time imprisoned, and the date of discharge from prison or penitentiary.”
The documents introduced at the multiple bill hearing indicate only that Tatten was charged February 1, 1983 with attempted armed robbery, and that he was sentenced on September 27, 1984 to serve three and one-half years without benefit of parole, probation or suspension of sentence. The State did not prove the date of Tatten’s discharge from prison to show that five years had not elapsed, and as a consequence, the State has failed to meet its burden of proof. See State v. Nasworthy, 542 So.2d 715 (La.App. 4th Cir.1989); State v. Washington, 353 So.2d 258, 261 (La.1977).
We also hold that Tatten’s sentence may not be enhanced by use of Tatten’s conviction of February 19, 1982, for simple escape. After Tatten entered a plea of guilty testimony showed that:
[O]n the 3rd of February, 1982, at approximately 8:40 a.m., the defendant was in the process of being booked in Central Lockup. At that time, he ran outside, was chased by Correctional Officer Mark Schexnayder. In the meantime, he ran into the side of a car, and [was] taken to Charity Hospital.
In 1982, when defendant was convicted of simple escape, the penalty provision said:
[w]hoever not having been sentenced to the Department of Corrections commits the crime of simple escape, shall be imprisoned for not more than one year and any such sentence shall not run concurrently with any other sentence, (emphasis added).
According to the language of R.S. 15:529.1, a sentence may only be enhanced by proof of prior felony convictions. At the time Tatten entered a plea to the crime, the crime was defined as a misdemeanor. The penalty provision in 1982 says imprisoned which means in a parish prison. The penalty provision does not say “at hard labor” or “with or without hard labor”, the possibility of hard labor distinguishing a felony from a misdemeanor.
LSA-R.S. 14.2(4) “Felony” is any crime for which an offender may be sentenced to death or imprisonment at hard labor.
Because the conviction was not for a felony it cannot be a predicate offense in a multiple offender charge, and the trial court erred by finding it was a predicate offense.
Accordingly for these reasons Tatten’s adjudication as a third offender is set aside, we vacate the multiple offender adjudication and this matter is remanded for further proceedings in accordance with the express provisions of LSA-R.S. 15:529.1.
REVERSED IN PART AND REMANDED.