JgCHEHARDY, Judge.
On October 3, 1997, the Jefferson Parish District Attorney filed a bill of information charging defendant, Yogi Wegmann, with eight counts of aggravated battery in violation of La. R.S. 14:34, to which defendant pled not guilty. On March 17, 1998, defendant was tried and convicted by a six member jury of eight counts of second degree battery, a responsive verdict to aggravated battery. The trial court thereafter sentenced defendant to serve five years at hard labor on each count, with the sentences to run concurrently. Defendant timely appealed. For the following reasons, we affirm.
This case arises out of a shooting that took place on the evening of September 6, 1997, at 2621 Mesa Drive in Jefferson Parish. Testimony at trial revealed that on that day, defendant got into a fight with two men. After the fight, defendant and two of his friends drove around to look for the men with whom defendant had fought. Their search led them to the Mesa Drive address, where a wedding reception was being held.
After driving past the wedding reception, the driver of the vehicle parked the car a few blocks away, handed defendant the sawed-off shotgun he kept under the seat, and defendant approached the party alone on foot. Approximately twenty-five *974 guests were in the front yard of the Mesa Drive party, and as defendant neared the area where they had gathered, he shot twice into the crowd, wounding eight people. After the shooting, defendant fled on foot. ^Witnesses identified defendant as the shooter. Defendant and his two friends were thereafter arrested and charged with aggravated battery.[1]
In defendant’s sole assignment of error, defendant argues that there is insufficient evidence to support the verdict because the evidence presented at trial did not establish that the victims of the shooting suffered serious bodily injury as required to prove second degree battery under La. R.S. 14:34.1. Defendant does not argue that there was insufficient evidence to show that he was the shooter.
The constitutional standard for testing the sufficiency of the evidence is set out in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986).
La.C.Cr.P. art. 809 provides that after charging the jury, a trial court must give the jury a written list of verdicts responsive to the offense charged. Art. 814 sets out a list of responsive verdicts. Among the responsive verdicts listed for aggravated battery is: “[gjuilty of second degree battery.”
La. R.S. 14:34.1 defines second degree battery as follows: .
Second degree battery is a battery committed without the consent of the victim when the offender intentionally inflicts serious bodily injury.
For purposes of this article, serious bodily injury means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death.
To convict a person of second degree battery, the state must prove the following elements beyond a reasonable doubt: (1) the intentional use of force or violence upon the person of another; (2) without the consent of the victim; and (3) when the offender intentionally inflicts serious bodily injury. State v. Fuller, 414 So.2d 306 (La.1982).
4In the present case, defendant argues that the victims in this case did not suffer serious bodily injury as a result of the shots fired. The state concedes in its brief that little evidence was presented at trial that defendant inflicted serious bodily injury, but argues that the verdict should stand because of the jurisprudence dealing with responsive verdicts.
In State ex rel. Elaire v. Blackburn, 424 So.2d 246, 252 (La.1982), cert. denied, 461 U.S. 959, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983), the Louisiana Supreme Court undertook an extensive examination of Louisiana’s responsive verdict system, and held:
The jury’s verdict was apparently a compromise decision to find defendant guilty of something less than attempted first degree murder. The jury chose the next highest offense from the list of responsive verdicts. While the evidence did not support a conviction of the offense chosen by the jury, the evidence would have supported a conviction of the charged offense. Because defendant did not object (because of an oversight or as a matter of trial strategy) to the instruction, which in effect informed the jury that it could properly return a verdict of attempted second degree murder, defen *975 dant cannot later complain that the evidence (which would have supported a conviction of the offense charged) did not support the lesser verdict chosen by the jury.[2]
In the present case, defendant did not object to the inclusion of second degree battery as a responsive verdict. Therefore, the issue is whether the evidence presented at trial is sufficient to support a finding that defendant committed aggravated battery.
La. R.S. 14:34 defines aggravated battery as “a battery committed with a dangerous weapon.” Battery is defined in pertinent part by La. R.S. 14:33 as “the intentional use of force or violence upon the person of another.”
In the present case, defendant was charged with eight counts of aggravated battery because eight people were wounded by the shotgun pellets. At trial, four of the victims testified and described then-wounds. The state also called William Steverson, a paramedic who treated the victims at the scene of the shooting. Stev-erson testified that eight people were wounded and he saw their wounds.
The wounds in this case were the result of two shotgun blasts fired into a group of approximately twenty-five people, eight of whom were hit. Other appellate courts reviewing | ¡¡similar cases have held that the act of intentionally shooting a gun at another person is sufficient to support a conviction for aggravated battery. See State v. Washington, 353 So.2d 258 (La.1977); State v. Bowie, 458 So.2d 1033 (La.App. 3 Cir.1984), writ denied, 462 So.2d 1262 (La.1985); State v. Hill, 434 So.2d 428 (La. App. 2 Cir.), writ denied, 440 So.2d 759 (La.1983).
Viewing the evidence in the light most favorable to the prosecution, we find that there was sufficient evidence presented at trial for any rational trier of fact to find beyond a reasonable doubt that defendant committed aggravated battery. Pursuant to Elaire, supra, because the evidence supports a finding that defendant is guilty of the offense charged, defendant’s conviction of the responsive verdict of second degree battery is hereby affirmed.
Finally, pursuant to La.C.Cr.P. art. 920, we have reviewed the record for errors patent, and none are noted.
Accordingly, for the foregoing reasons, defendant’s conviction and sentence are hereby affirmed.

AFFIRMED.

. While all three individuals were charged with aggravated battery in the bill of information, prior to defendant's March 17, 1998 trial, the state's case against defendant was severed from the other two defendants.

. See also State v. Heath, 447 So.2d 570 (La.App. 1 Cir.), writ denied, 448 So.2d 1302 (La.1984).