365 So.2d 1352 (1978)
STATE of Louisiana
v.
Charles Allen TURNER, Jr. and Mitchell Charles Mallett.
No. 62549.
Supreme Court of Louisiana.
December 15, 1978.
Rehearings Denied January 26, 1979.
*1353 James Miguez, Lake Charles, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., James E. Stainback, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
DENNIS, Justice.
Defendants, Charles Allen Turner, Jr. and Mitchell Charles Mallett, were tried jointly on charges of armed robbery, La. R.S. 14:64. A jury of twelve persons found Mallett guilty as charged and Turner guilty of simple robbery. Turner was sentenced to five years at hard labor. After being adjudged a multiple offender, La.R.S. 15:529.1, Mallett was sentenced to thirty-five years at hard labor.
On the night of December 5, 1977 Turner and Mallett, co-defendants herein, were riding in an automobile with Charles Bertrand and Lisa LeBleu. They stopped at the Wizard Fas-Stop convenience store in Lake Charles. After Bertrand and Turner entered the store Bertrand forced the female store attendant into a storeroom, pulled a pistol from his pants and locked the storeroom door. Cash from the register, liquor and a stereo tape were seized by Bertrand or one of his companions. However, a silent alarm was activated during the robbery, and the police officers who promptly responded arrested, Turner, Mallett, Bertrand and LeBleu.
Bertrand pleaded guilty to armed robbery and was awaiting sentencing at the time of the trial in the instant case. The prosecution against LeBleu was severed upon her motion without opposition by the State. Turner timely filed a motion to sever his case from the prosecution against Mallett.
The trial judge conducted a pre-trial hearing on Turner's motion to sever. Turner and Mallett were represented by the same attorney in the trial court, and Turner's pleading was treated as a joint motion for severance by both defendants. At the hearing on the motion both Turner and Mallett testified. Turner stated that if called as a witness by Mallett he would testify that Mallett was passed out in the car at the time of the alleged offense. The attorney for Turner and Mallett immediately interjected, however, that he would not put either defendant on the stand if the State's case failed to develop as he expected. Mallett testified that he did not know anything about the robbery until he was awakened by the arresting officer. The defense attorney also took the stand and outlined the co-defendants' proposed testimony, adding that Turner would testify he entered the store with Bertrand but was unaware that Bertrand planned a robbery. *1354 At the conclusion of the hearing the trial judge denied the severance motion.
At the trial on the merits neither Turner nor Mallett took the witness stand. The female store attendant gave testimony that Turner, Mallett and Bertrand were all inside the store during the robbery. Bertrand testified that, although Turner entered the store with him, neither Turner nor Mallett were aware that he had a gun or planned a robbery, and that they did not participate in the crime. The jury found Mallett guilty as charged and Turner guilty of simple robbery.

ASSIGNMENT OF ERROR NO. 1 BY BOTH DEFENDANTS
Each defendant assigns as error the trial court's denial of the motion for a severance.
Jointly indicted defendants must be tried jointly unless the state elects to try them separately or the court, after a contradictory hearing, is satisfied that justice requires a severance. La.C.Cr.P. art. 704.
Whether "justice requires a severance" must be determined by the facts of each case. State v. Thibodeaux, 315 So.2d 769 (La.1975). However, it is clear that a severance is necessary if the defenses of co-defendants are mutually antagonistic to the extent that each defendant attempts to place the blame on the other, creating a set of circumstances under which a defendant must defend against his co-defendant as well as the State. State v. Thibodeaux, id.
The defendants failed to demonstrate in the contradictory hearing on the motion to sever that the defenses to be presented were antagonistic. Neither Turner nor Mallett indicated that his trial testimony would be hostile or act in opposition to his co-defendant. The mere allegation that defenses will be antagonistic is not sufficient to require a severance. State v. Hunter, 340 So.2d 226 (La.1976); State v. Jenkins, 340 So.2d 157 (La.1976); State v. Thibodeaux, supra; State v. Medlock, 297 So.2d 190 (La.1974).
Mallett contends, however, that he was prejudiced by the joinder of co-defendants which prevented him from calling Turner as a witness to prove that he was unconscious in the car during the robbery. Where it is clear from the record that a co-defendant would give exculpatory testimony if a severance were granted, the denial of a severance is an abuse of discretion. See, La.C.Cr.P. art. 704, Official Revision Comment (c)(2). However, the burden is on the movant to establish that the co-defendant would, in fact, testify at a separate trial, and the exculpatory nature of his proposed testimony. See, 8 Moore's Federal Practice, § 14.04[4].
In the instant case, despite Turner's testimony at the contradictory hearing that he would testify as to Mallett's unconsciousness if called as a witness, Mallett failed to demonstrate that Turner would, in fact, testify at a separate trial or that his testimony would exculpate him. Because Turner's proposed testimony, viz., that he left Mallett passed out in the car to enter the store with Bertrand, would have been a highly self-incriminating admission if made during Mallett's trial, the trial judge was quite justified in showing a healthy skepticism whether Turner would not claim his constitutional privilege even in a separate trial. See, 1 Wright, Federal Practice and Procedure: Criminal § 225 (1969). Furthermore, the judge's doubt was likely raised to a well founded incredulity when defense counsel added that he would not put anyone on the stand if the State's case did not materialize as he expected. Accordingly, we are unconvinced that the denial of the severance was prejudicial to Mallett or amounted to an abuse of the trial judge's discretion.
In support of their motions for a new trial defendants argued that the trial judge's refusal to sever their cases diminished the effectiveness of defense counsel and thereby denied them their rights to assistance of counsel guaranteed by the *1355 Sixth Amendment and the Louisiana Constitution of 1974, Article I, § 13. However, neither defendant was forced to accept the trial attorney as his defense counsel and there was no request by either defendant that separate counsel be appointed. Defendants' reliance on Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978) in support of the motion for new trial is both belated and misplaced. In that case the co-defendants moved for appointment of separate counsel, both a few weeks before trial and before the jury was empaneled, based on their appointed counsel's representation that, because of confidential information received from the co-defendants, he was confronted with the risk of representing conflicting interests and could not, therefore, provide effective assistance for each client. The Supreme Court held that upon these facts the trial court's failure either to appoint separate counsel or to take adequate steps to ascertain whether the risk of a conflict of interests was too remote to warrant separate counsel deprived the co-defendants of the guarantee of "assistance of counsel" under the Sixth Amendment. The instant case is distinguishable in two important respects. Here, the co-defendants did not move for separate counsel before trial, and, for the same reasons that justice did not require a severance, the risk of a conflict of interest as reflected in the pre-trial hearing evidence was too remote to warrant separate counsel.
These assignments of error are without merit.
The remaining assignments of error do not require extensive discussion:
Assignment number two by both defendants concerns their motions for a new trial on the ground that the verdicts are contrary to the law and the evidence. This Court's review of a trial court's denial of a new trial motion based on this ground is limited to the question of whether the trial judge has properly exercised his wide discretion. La.C.Cr.P. art. 851; State v. Jones, 288 So.2d 48 (La.1974). The defendants have failed to direct our attention to either a failure to exercise, or an abuse of, discretion by the trial judge in denying a new trial. Accordingly, these assignments are without merit.
Assignment number three by Mallett presents a nonmeritorious attack on the constitutionality of the Habitual Offender Statute, La.R.S. 15:529.1. The same arguments urged by defendant were considered and rejected in State v. King, 355 So.2d 1305 (La.1978); State ex rel. Clark v. Marullo, 352 So.2d 223 (La.1977); State v. Madison, 345 So.2d 485 (La.1977); State v. Linkletter, 345 So.2d 452 (La.1977); State v. Badon, 338 So.2d 665 (La.1976); State v. Overton, 337 So.2d 1201 (La.1976); State v. Boatner, 304 So.2d 661 (La.1974).
Another alleged error was not raised by objection in the trial court at the time of the habitual offender hearing, although it is urged in brief here. Mallett contends that the evidence does not show the date of Mallett's discharge from prison following his first conviction from which the five-year "cleansing" period began. La. R.S. 15:529.1(C). See State v. Anderson, 349 So.2d 311 (La.1977). While the record does not affirmatively establish that the five years had or had not elapsed, the showing indicates that more probably than not it had not elapsed between the crimes. If, in fact, Mallett is able to show that the five years had elapsed, then he can secure appropriate relief upon postconviction proceedings.
For the reasons assigned the convictions and sentences of both defendants are affirmed.
AFFIRMED AS TO BOTH DEFENDANTS.