CHEHARDY, Judge.
Defendant, Terrence Pierre, appeals his conviction of armed robbery, a violation of LSA-R.S. 14:64. Following his trial by a 12-person jury, he was sentenced to 20 years at hard labor without benefit of parole, probation or suspension of sentence.
On appeal defendant alleges the trial judge erred in refusing to empanel a new jury after it was demonstrated that the State used peremptory challenges to exclude black persons from the jury for reasons unrelated to the trial. In addition defendant contends that the evidence was insufficient to justify the verdict, and further requests this court to examine the record for patent error.
The facts show that on May 21, 1985, at approximately 8 p.m., Murphy Sannasardo and his wife Julie drove into the parking lot of a convenience store in Marrero, Louisiana. Mr. Sannasardo entered the store while his wife waited in the passenger seat of the car. The car key was left in the ignition and the engine was running.
While she was awaiting her husband’s return, a black male, later identified as defendant, opened the driver’s door, pointed a gun at Mrs. Sannasardo and sat in the driver’s seat. Mrs. Sannasardo jumped out of the vehicle and ran into the store to inform her husband of these events. After telling her husband what had occurred, he ran outside and saw the vehicle being driven down the street at a normal rate of speed. Mr. Sannasardo and another customer of the store followed the vehicle until they saw a Jefferson Parish Sheriff deputy’s car. Exiting the customer’s car, Mr. Sannasardo rushed over to Deputy Cecil McKenzie and explained what had happened. The deputy broadcast a description of the stolen vehicle and, with Mr. Sanna-sardo in the police car, he followed the vehicle identified by Mr. Sannasardo. When the deputy turned on his siren and overhead lights, a chase ensued during which Deputy McKenzie was joined by Deputy Louis Suarez. After pursuing the stolen car for approximately four minutes, the defendant slammed on the brakes and Deputy McKenzie’s police car hit the San-nasardo vehicle. The defendant then attempted to flee on foot, but was apprehended by Deputy McKenzie and Deputy Suarez. At the scene, a loaded silver colored gun was retrieved from the front seat of the car, and defendant was arrested.
In defendant’s first assignment of error he alleges the trial judge erred in refusing to empanel a new jury after it was demonstrated that the State used its peremptory challenges to remove blacks from the jury *908 on grounds unrelated to the trial. Because defendant is a black man, he argues such use of the State’s peremptory challenges constitutes a denial of equal protection of the law. Citing Batson v. Kentucky, — U.S. -, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), for this contention, defendant argues the State is required to articulate neutral reasons for its peremptory challenges of members of defendant's racial group. Since the State was unable to do so in this case, he argues a new jury was mandated.
The United States Supreme Court has held that a black defendant is denied equal protection of the law when the state puts him on trial before a jury from which members of his race have been purposefully excluded. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); Batson v. Kentucky, supra. In determining whether the state’s peremptory challenges were used to exclude black jurors on a racial basis, the Swain court held the defendant must show the state has systematically excluded blacks over a period of time. To meet this burden the defendant must show “with any acceptable degree of clarity * * *, when, how often, and under what circumstances the prosecutor alone had been responsible for striking blacks” from the petit jury. Swain v. Alabama, supra, 85 S.Ct. at 838; State v. Moore, 490 So.2d 556, 558 (La.App. 4 Cir.1986).
In the recent case of Batson v. Kentucky, supra, the United States Supreme Court overturned the Swain test which required defendant to show the state's systematic exclusion of blacks. Under the new test, to establish a case alleging denial of equal protection because of racially based exclusion of jury members, the Bat-son court stated defendant must first show that he is a member of a cognizable racial group and that the prosecutor has exercised peremptory challenges to remove members of defendant’s race from the jury venire. Secondly, the court stated the defendant is entitled to rely on the fact that peremptory challenges constitute a jury selection practice which permits “those to discriminate who are of a mind to discriminate.” Third, the Batson court held that defendant must show the facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude veniremen on account of their race. This combination of factors, the court concluded, raises an inference of purposeful discrimination. Once defendant makes this prima facie showing, the burden then shifts to the state to articulate a neutral explanation for challenging black jurors and the explanation must be related to the particular case to be tried. Batson v. Kentucky, supra.
The Batson case was rendered on April 30, 1986. This case was tried on December 3 and 4, 1985, prior to Batson. While the trial utilized the Swain rule to determine a new jury was not mandated, defendant argues the Batson test should have been applied retroactively.
In Allen v. Hardy, — U.S. -, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986), the United States Supreme Court ruled that the Batson test would not apply retroactively on collateral review of convictions which became final before Batson was rendered. The court has not yet decided the issue of whether retroactive effect should be given to cases on direct review, as here. Two cases on this issue are pending in the United States Supreme Court at this time. (Griffith v. Kentucky, — U.S. -, 106 S.Ct. 2274, 90 L.Ed.2d 717 [1986]; and Brown v. United States, — U.S. -, 106 S.Ct. 2275, 90 L.Ed.2d 718 [1986].) However, in State v. Ford, 489 So.2d 1250 (La.1986), the Louisiana Supreme Court declined to apply Batson retroactively. In its opinion denying defendant’s motion for a rehearing, the court stated they did not believe the Batson decision was intended to apply to cases tried before it was handed down, based on the court’s denial of certio-rari in several cases prior to Batson. Likewise in State v. Wagster, 489 So.2d 1299 (La.App. 1 Cir.1986), the First Circuit reached the same conclusion in a footnote. There the court noted that four of the United States Supreme Court Justices in *909 Batson remarked in their concurring and dissenting opinions that the holding in Bat-son should not be applied retroactively. (Justices White and O’Connor concurring; Justices Berger and Rehnquist dissenting.)
We cannot say with certainty that the cases now pending before the United States Supreme Court will decide that the Batson holding should not be applied retroactively. However, our Supreme Court, at least one Louisiana Appellate Court, and four Justices of the United States Supreme Court have expressed that view. Therefore, we find Batson is not to be applied retroactively and thus defendant must show systematic exclusion as enunciated in Swain in order to be entitled to a new jury.
In the hearing in the trial court on the issue, the prosecutor, his investigator and defense counsel took the stand. The transcript indicates the State exercised five peremptory challenges. Of those five potential jurors, three were black. The empaneled jury consisted of 12 white jurors and one black alternate.
The prosecutor, Guy deLaup, and his investigator testified that Mr. deLaup had only tried approximately five to seven cases as an assistant district attorney, all of which consisted of white and black jurors. Defendant was unable to produce any evidence to the contrary. Consequently, we find the trial court did not err in refusing to empanel a new jury since defendant failed its burden of proof under Swain v. Alabama, supra.
Defendant secondly argues that the evidence was insufficient to support his conviction. He requests the court to examine the record to determine as a matter of law whether the evidence presented was such that any rational trier of fact could have found all the elements of the crime beyond a reasonable doubt.
R.S. 14:64 provides:
“A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
“B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.”
In assessing a defendant’s claim of insufficiency of the evidence to support a conviction, the standard used by the reviewing court is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 660 (1979); State v. Porretto, 468 So.2d 1142 (La.1985); State v. Cathey, 493 So.2d 842 (La.App. 5 Cir.1986).
In the present case, the evidence shows that the defendant entered the Sannasardo vehicle while Julie Sannasardo was seated in the car. He pointed a gun at her and after she fled he drove the car away. Both Julie Sannasardo and her husband testified they did not consent to the taking of the car. Viewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found the defendant guilty of armed robbery beyond a reasonable doubt.
Finally, defendant asks the court to review the record for error patent. In this regard, LSA-C.Cr.P. art. 920 provides “[t]he following matters and no others shall be considered on appeal: (1) An error designated in the assignment of errors; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.” For the purpose of an error patent review the “record” in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration *910 in a capital case, the verdict and the judgment or sentence. State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Sharlow, 493 So.2d 213 (La.App. 5 Cir.1986). After our review of the record in this case, we find no patent error.
Accordingly, the defendant’s conviction and sentence are hereby affirmed.
AFFIRMED.