509 So.2d 784 (1987)
STATE of Louisiana
v.
Ocie WRIGHT.
No. 87-KA-143.
Court of Appeal of Louisiana, Fifth Circuit.
June 16, 1987.
*785 Louise Korns, of counsel, Office Of The Dist. Atty., Gretna, for plaintiff/appellee.
John H. Craft, 24th Judicial Dist., Indigent Defender Bd., Gretna, for defendant/appellant.
Before GAUDIN, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
The defendant was charged with and convicted of a violation of LSA-R.S. 14:64, relative to the offense of armed robbery. He was sentenced as an habitual offender to serve 99 years at hard labor without probation, parole or suspension of sentence, LSA-R.S. 15:529.1. It is from this conviction and sentence that the defendant has appealed, asserting the following assignments of error:
1. The court erred in finding him an habitual offender;
2. The evidence presented at trial was not sufficient to justify the verdict; and
3. Any and all errors patent on the face of the record.
We find that only defendant's first assignment of error concerning his adjudication as an habitual offender and sentence to 99 years imprisonment has merit. Therefore defendant's conviction will be affirmed, but his sentence is set aside.

ASSIGNMENT OF ERROR 1
The trial court found the defendant to be an habitual offender on the basis of one prior Louisiana conviction and three prior Florida convictions. However, these convictions cannot support an increase of the defendant's punishment as an habitual offender *786 for the reasons argued by defense counsel and here explained.
The prior Louisiana offense was for possession with intent to distribute marijuana for which defendant was convicted after a guilty plea on December 2, 1985. The point of the habitual offender statute is to increase the punishment of a defendant "... who, after having been convicted... of a felony, ... thereafter commits any subsequent felony ..." LSA-R.S. 15:529.1A.[1] Because the defendant here committed the principal felony (the armed robbery) on July 1, 1985, five months before he was convicted on December 2, 1985 of the predicate felony (the marijuana crime), that crime cannot be used to increase the punishment for the principal felony (armed robbery). State v. Simmons, 422 So.2d 138 (La.1982). In addition, no evidence was introduced to show that defendant's prior plea of guilty to the marijuana crime was entered after proper Boykinization,[2] and for that reason cannot be used. State v. Holden, 375 So.2d 1372 (La.1979). Accordingly, the prior Louisiana conviction by guilty plea may not be used in this case to increase the defendant's punishment in an habitual offender proceeding. Nor, may the three prior Florida convictions be used here to increase the defendant's punishment in an habitual offender proceeding. The state proved that defendant was convicted by guilty plea in Jacksonville, Florida of the felonies of possession of a firearm by a convicted felon and of forgery on April 6, 1978. In addition, the state alleged that defendant was convicted in Jacksonville, Florida of rape in 1975. We first note that the state failed to prove the 1975 rape conviction with the requisite record documents of conviction and sentence as provided for in LSA-R.S. 15:529.1F,[3] and therefore it cannot be used as a predicate *787 offense to increase the defendant's punishment for the principal offense.
The state also failed to prove the date that defendant was discharged from the terms of punishment imposed on the two 1978 convictions. The Habitual Offender Statute does not apply to cases where more than five years have elapsed from the expiration of the maximum sentence for one conviction and the commission of the next felony. LSA-R.S. 15:529.1C;[4]State v. Santiago, 416 So.2d 524 (La. 1982). Maximum sentence in this statute means the actual term of supervision so that the five year period begins from the date of the defendant's actual discharge. State v. Mistretta, 490 So.2d 462 (La.App. Cir. 4 1986). Here, because the record does not reflect and the state failed to prove the defendant's actual discharge date from custody or supervision following the two 1978 Florida convictions, it is impossible to determine whether five years did not lapse between these events and the principal felony, with the result that these convictions cannot be used here to increase the defendant's punishment in an habitual offender proceeding.
Consequently, for these reasons neither the prior Louisiana conviction, nor the three prior Florida convictions were properly used to adjudicate defendant as an habitual offender; therefore, the defendant's sentence must be vacated and the case remanded for resentencing.

ASSIGNMENT OF ERROR 2
In his second assignment counsel contends the evidence presented at trial was not sufficient to justify the verdict. Although this issue was not raised by motion for new trial, it was raised by assignment of error in defense counsel's appellate brief and we will review it. State v. Harper, 480 So.2d 483 (La.App.Cir. 5 1985). The standard we must use where direct evidence was used to prove the defendant's guilt is whether, viewing the facts in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Franklin, 501 So.2d 881 (La.App. 5 Cir. 1987).
The defendant was convicted of armed robbery, LSA-R.S. 14:64.[5] In order to support this conviction the state had to prove beyond a reasonable doubt that the defendant committed: (1) taking anything of value (2) from the person of or the immediate control of another (3) by use of force or intimidation (4) while armed with a dangerous weapon. State v. Franklin, supra. In the instant case the victim identified the defendant as the robber who forced her by holding a knife to her throat, to give up her car keys, jewelry, and purse, which contained some cash and her charge cards. The defendant then drove off with the victim's car after allowing her to get out. He was arrested two weeks later in Jacksonville, Florida in the stolen car. Thus, the evidence established every element of the crime of armed robbery beyond a reasonable doubt. State v. Pierre, 501 So.2d 906 (La.App.Cir. 5 1987).
*788 In concluding that defendant was guilty as charged, the jury obviously rejected defendant's alibi witness. It is not the function of the appellate courts to reevaluate the credibility choices and findings of fact made by the factfinder, but only to determine if the evidence offered was sufficient to support the conviction. State v. Green, 469 So.2d 1161 (La.App. 5 Cir.1985).
This assignment of error has no merit.

ASSIGNMENT OF ERROR 3
In his final assignment the defendant requests that we search the record for errors patent. LSA-C.Cr.P. art. 920. We have found none. This assignment of error has no merit.
Accordingly, the defendant's conviction is affirmed, the defendant's sentence is vacated and the case is remanded to the trial court for resentencing in accordance with law and this opinion.
CONVICTION AFFIRMED, SENTENCE VACATED and CASE REMANDED for RESENTENCING
NOTES
[1] LSA-R.S. 15:529.1A:

§ 529.1. Sentences for second and subsequent offenses; certificate of warden or clerk of court in the state of Louisiana as evidence
A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
(1) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction;
(2) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then,
(a) The person shall be sentenced to imprisonment for any term not less than one-half the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction; or
(b) If the third felony and each of the two prior felonies involved a violation of R.S. 14:34, R.S. 14:62.1, R.S. 14:65, R.S. 14:110(B), or of any crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
(3) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then,
(a) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life; or
(b) If the fourth or subsequent felony and two of the prior felonies involved a violation of R.S. 14:34, R.S. 14:62.1, R.S. 14:65, R.S. 14:110(B), or of any crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
[2] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[3] LSA-R.S. 15:529.1F:

...F. The certificates of the warden or other chief officer of any state prison, or of the superintendent or other chief officer of any penitentiary of this state or any other state of the United States, or of any foreign country, or of any chief officer of any parish or county jail in this state or any other state of the United States, or of the clerk of court of the place of conviction in the state of Louisiana, under the seal of his office, if he has a seal, containing the name of the person imprisoned, the photograph, and the fingerprints of the person as they appear in the records of his office, a statement of the court in which a conviction was had, the date and time of sentence, length of time imprisoned, and date of discharge from prison or penitentiary, shall be prima facie evidence of the imprisonment and of the discharge of the person, either by a pardon or expiration of his sentence as the case may be under the conviction stated and set forth in the certificate.
[4] LSA-R.S. 15:529.1C:

...C. This Section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony, for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said five year periods....
[5] LSA-R.S. 14:64:

Sec. 64. Armed robbery
A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.