542 So.2d 715 (1989)
STATE of Louisiana
v.
Donald G. NASWORTHY.
No. KA-8558.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 1989.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for appellant.
Harry F. Connick, Dist. Atty., R. Jeffery Bridger, Asst. Dist. Atty., New Orleans, for appellee.
Before GARRISON, CIACCIO, JJ., and PRESTON HUFFT, J. Pro Temp.
*716 CIACCIO, Judge.
Donald Nasworthy was charged with the armed robbery of Mary McKearnan and was found guilty as charged. La.R.S. 14:64. He was thereafter found to be a multiple offender and sentenced to fifty years at hard labor without benefit of parole, probation or suspension of sentence. La.R.S. 15:529.1. The defendant appeals relying on two assignments of error. Finding merit with the second assignment of error, we affirm defendant's conviction, vacate his sentence as a multiple offender and reinstate the original sentence imposed pursuant to his conviction for this armed robbery.
The facts as revealed by the record are as follows:
On November 28, 1986 at approximately 4:30 p.m., Mary McKearnan was walking on Royal Street, in the Faubourg Marigny, in New Orleans when she was approached from behind by a man who touched her on the arm. She turned to see the defendant wielding a knife. He demanded her purse. She gave it to him. It contained $35.00, a Master Charge and D.H. Holmes credit cards. McKearnan caught the bus home, as she had planned to do, and called the police. Almost immediately, an employee of Maison Blanche called her to tell her someone was in possession of her credit cards.
Edward Ferrell, Director of Security at Maison Blanche, was alerted by a clerk of a suspicious credit charge. He approached the defendant and a companion. The defendant first said that the card belonged to his girlfriend. Suspicious, Ferrell seized the card and asked the defendant to accompany him to the security office. The defendant and the companion complied. Once in the office, the defendant said he found the card. Ferrell then contacted Officer Jimmy Ducos, a police detail officer in the store.
Ducos arrived and placed the defendant under arrest. The defendant then said his companion, who was in a separate room for questioning, had nothing to do with the credit card. Ducos patted the defendant down, and recovered a butcher knife from the lining of a brown leather coat the defendant was wearing.
Officer Nat Kruebbe, NOPD, took the defendant into custody. He searched him and recovered currency.
On December 2, 1986, Kruebbe met with the victim and showed her a photographic line-up. McKearnan chose two of six photographs as resembling her assailant. One of the two was a picture of the defendant.
At trial, the defendant testified he was at a bar called the Rockery Inn when the crime occurred. He took the brown coat, containing the credit cards and the knife, from the back of a bar stool.
In his first assignment of error the defendant contends that the photographic line-up was unduly suggestive in that his photograph was taken at a closer range then the other photographs and the defendant was depicted carrying a red windbreaker similar to the one described by the victim.
In State v. Rousell, 501 So.2d 834 at 836 (La.App., 4th Cir., 1987) we discussed the criteria for sustaining the validity of a photographic line-up:
In order for a defendant to succeed in the suppression of an identification, resulting from a photographic lineup, he must prove, both, that the identification procedure was suggestive and that there exists a likelihood of misidentification as a result of the identification procedure. State v. Prudholm, 446 So.2d 729 (La., 1984) citing, Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).
A line-up is unduly suggestive if the identification procedure displays the defendant so as to focus the witness' attention upon him. State v. Savoy, 501 So.2d 819 (La.App., 4th Cir., 1986), writ den. 502 So.2d 576 (La., 1987). If a sufficient resemblance of physical characteristics and features of the persons in the line-up does not exist so as to reasonably test identification the line-up may be considered suggestive. State v. Tate, 454 So.2d 391 (La.App., 4th Cir., 1984).
*717 In this case the victim was presented with a stack of six photographs. Each one depicted a white male subject with brown hair and wearing a mustache. The subjects were approximately the same age. The defendant's photograph was taken at a slightly closer range than that of the other subjects. However, this factor alone would not cause the process to be unduly suggestive. Furthermore, at trial, the victim was specifically questioned as to whether this factor influenced her choice of this assailant. The victim denied even noticing any size dissimilarity as among the various photographs. As such, this factor did not influence her choice of this assailant. Moreover, the defendant's assertion that his photograph depicted him holding a red windbreaker jacket similar to the one described by the victim is factually incorrect. The photograph of the defendant merely depicts a bust shot photo of him.
For these reasons this assignment of error lacks merit.
In his second assignment of error, the defendant contends that the State failed to prove that five years had not elapsed since the defendant's prior conviction in Georgia on November 12, 1980 for the crime of burglary. La.R.S. 15:529.1(C).
Louisiana Revised Statute Title 15 Section 529.1(C) provides:
* * * * * *
This Section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said five year periods.
* * * * * *
In accord with this provision, in order to use a prior felony offense to support a multiple offender adjudication there must not have intervened before the commission of another felony, a five year "cleansing" period, that is, five years between the actual end of the previous sentence and the commission of another felony. State ex rel. Wilson v. Maggio, 422 So.2d 1121 (La., 1982). In considering the end of the previous sentence the court will consider the sentence actually served, whether it be diminished by good time or increased by a revocation of parole or probation. State v. Anderson, 349 So.2d 311 (La., 1977).
In this case the defendant was convicted in Georgia on November 12, 1980 and sentenced to three years imprisonment. In support of this conviction the State introduced the defendant's guilty plea. However, the State failed to demonstrate the date of discharge from this conviction. As such the State has failed to prove that this 1980 conviction qualified as a predicate offense in the multiple offender proceeding because it failed to prove that less than five years elapsed between the end of the previous sentence and the commission of another felony.
Accordingly for these reasons the defendant's conviction is affirmed, his sentence as a multiple offender is vacated and set aside and his original sentence of 50 years at hard labor, without benefit of parole, probation or suspension of sentence is reinstated.
CONVICTION AFFIRMED; MULTIPLE OFFENDER SENTENCE VACATED; ORIGINAL SENTENCE REINSTATED.