WILLIAMS, Judge.
Defendant, Donald Fisher, Jr., was charged by bill of information with two counts of distribution of cocaine, violations of R.S. 40:967. The bill alleged that the offenses were committed on July 19, 1988 and July 24, 1988. A jury found defendant guilty of attempted distribution of cocaine on each count. Defendant was sentenced to ten years at hard labor on each count, the sentences to run concurrently with credit for time served. The State subsequently filed a multiple bill, listing as predicate offenses two convictions, one dated *547 October 21, 1988 and the other November 11, 1981. Defendant was adjudged a second felony offender and was resentenced to ten years at hard labor on each count, the sentences to run concurrently with credit for time served.
Defendant appeals, alleging that the trial court erred in finding him a second felony offender. For the reasons assigned, we vacate defendant’s sentence and remand for resentencing.
On July 19, 1988 Officer Michael Mora-gas, operating undercover, drove to the intersection of Apple and Eagle Streets. The defendant approached him and asked him what he needed. Moragas said “rock”, the street name for “crack” cocaine. The defendant said that there was no “crack” cocaine in the neighborhood, but that he could take Moragas to where he could buy some powdered cocaine. Defendant got into the car with Moragas and directed Moragas to the 8600 block of Plum Street. There defendant obtained twenty-six dollars from Moragas, got out of the car, talked to an unknown black male and returned to the ear. Moragas took defendant back to General Ogden and Nelson Streets, where defendant handed Moragas a bag of cocaine and exited the car. Moragas then radioed a description of defendant to Officers Timothy Bayard and Graffant Salvant, who had been monitoring the transaction.
On July 25, 1988 a similar transaction occurred. Officer Moragas drove up to the 2500 block of General Ogden, where he observed defendant talking to two unknown individuals. Moragas stopped his car, and defendant approached him and asked him what he needed. Moragas said “a twenty”, the street term for twenty dollars worth of cocaine. Defendant got in the car and directed Moragas to the 1700 block of Cameron Street. Defendant took Moragas’s twenty dollars, got out of the car and returned with a bag of cocaine, which he gave Moragas. Moragas then took defendant to General Ogden and Nelson Streets and dropped him off.
An arrest warrant was issued, and defendant was arrested on October 31, 1988.

Assignment of Error

In his sole assignment of error, defendant contends that the trial court erred in finding him a second felony offender. This assignment has merit.
The multiple bill charged defendant with two predicate offenses. In the first case, No. 328-943, defendant pleaded guilty[1] on October 21, 1988 to possession of cocaine. In the second case, No. 281-046, he pleaded guilty on November 30, 1981 to simple burglary. He was sentenced in that case to four years at hard- labor with credit for time served.
First, defendant contends that the 1988 offense cannot be used as a predicate offense for enhancement purposes under LSA-R.S. 15:529.1(A) because he was convicted of this offense on October 21, 1988 after the present offenses were committed.[1] LSA-R.S. 15:529.1(A) provides that a sentence shall be enhanced for “(a)ny person who, after having been convicted ... of- a felony, ... thereafter commits any subsequent felony.” [Emphasis added.] Because defendant committed the principal felony approximately three months before he was convicted of the October 21, 1988 felony, that offense cannot be used to enhance defendant’s sentence. LSA-R.S. 15:529.1(A); State v. Chaney, 423 So.2d 1092, 1103 (La.1982); State v. Wright, 509 So.2d 784, 786 (La.App. 2d Cir.1987); State v. Mallett, 552 So.2d 28, 31 (La.App. 3d Cir.1989), writs den. 556 So.2d 1258, 558 So.2d 567 (La.1990).
Next, defendant contends that the 1981 predicate offense cannot be used for enhancement purposes because the State did not prove that the five year “cleansing period” under LSA-R.S. 15:529.1(C) has not expired. This assignment also has merit.
LSA-R.S. 15:529.1(C) provides that a pri- or offense cannot be used for enhancement purposes “where more than five years have elapsed since the expiration of the maxi *548 mum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted.” The State has the burden of proving that the 1981 conviction qualified as a predicate offense by showing that less than five years elapsed between the end of the 1981 sentence and the commission of the present offenses. State v. Nasworthy, 542 So.2d 715, 717 (La.App. 4th Cir.1989). In the instant case, defendant pleaded guilty to the 1981 predicate offense on November 30, 1981 and was sentenced on that date to four years at hard labor with credit for time served. The present offenses were committed on July 19 and July 25, 1988. If the entire four year sentence was served, the five year grace period would not apply. However, it is the actual date of discharge that determines the start of the five year period, regardless of Whether the person is discharged earlier or later than the expiration date of the sentence actually imposed. State v. Anderson, 349 So.2d 311, 314 (La. 1977); State v. Nasworthy, supra. The record before us contains no evidence showing the date defendant was actually discharged from custody. Thus, the 1981 conviction cannot be used to enhance defendant’s sentence.
For the foregoing reasons, we vacate defendant’s sentence and remand for resen-tencing.

. Because this is an error that is discoverable by a mere inspection of the pleadings and proceedings, LSA-C.Cr.P. art. 920, we do not address the State's argument that the defendant is barred from raising this issue on appeal since he stipulated his identity in the predicate offense.