LOBRANO, Judge.
Defendant, Tommy Lee Wheeler, was charged by bill of information with aggravated crime against nature on a nine year old boy, a violation of La.R.S. 14:89.1. On June 9, 1983, defendant was found guilty as charged by a twelve-member jury. On June 17, 1983, defendant was adjudged a quadruple offender and was sentenced to life imprisonment. Defendant’s conviction and sentence were affirmed on May 10, 1984. State v. Wheeler, 450 So.2d 695 (La. *542 App. 4th Cir.1984). On September 30, 1987, pursuant to an application for post-conviction relief, this court vacated defendant’s multiple bill adjudication and sentence upon a finding that defendant was not advised of his rights prior to pleading guilty to the multiple bill. Subsequently, on December 21, 1988, the trial court again found defendant to be a quadruple offender and sentenced him to life imprisonment.[1]
Defendant appeals his sentence as a multiple offender asserting the following assignments of error:
1) The trial court erred in unreasonably delaying the multiple offender hearing.
2) The trial court erred in finding that the evidence was sufficient to sustain a multiple offender conviction.
3) The trial court erred in finding that out-of-state convictions could be used for enhancement purposes in the absence of Boykin transcripts.
4) The trial court erred in finding that defendant’s prior convictions were within the five year period required for sentence enhancement purposes.
5) The trial court erred in admitting into evidence two exhibits which concerned convictions which were incompatible with the convictions charged in the multiple bill.
6) The trial court erred in compelling the appellant to give evidence against himself.
We find merit in defendant’s fourth assignment of error. He asserts the trial court erred by finding that five years had not elapsed since his release from incarceration for the predicate offense and the date of the instant offense. He specifically refers to subsections C and F of La.R.S. 15:529.1. We agree.
La.R.S. 15:529.1(C) and (F) provide as follows:
“C. This Section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the
time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said five year periods.
£ ⅜ ⅝ £ £ £
“F. The certificates of the warden or other chief officer of any state prison, or of the superintendent or other chief officer of any penitentiary of this state or any other state of the United States, or of any foreign country, or of any chief officer of any parish or county jail in this state or any other state of the United States, or of the clerk of court of the place of conviction in the state of Louisiana, under the seal of his office, if he has a seal, containing the name of the person imprisoned, the photograph, and ■ the fingerprints of the person as they appear in the records of his office, a statement of the court in which a conviction was had, the date and time of sentence, length of time imprisoned, and date of discharge from prison or penitentiary, shall be prima facie evidence of the imprisonment and of the discharge of the person, either by a pardon or expiration of his sentence as the case may be under the conviction stated and set forth in the certificate.” (emphasis added)
The five year period begins to run from the date the defendant is actually discharged from State custody and supervision. State v. Killion, 483 So.2d 1281 (La. App. 4th Cir.1986), writ den. 492 So.2d 1215 (La.1986). The burden of proof is on the State to show the five year period has not elapsed. See, State v. Nasworthy, 542 So.2d 715 (La.App. 4th Cir.1989).
At the multiple bill hearing of December 21, 1988, the State presented documents from the Texas Department of Corrections showing three prior convictions of *543 defendant — two for burglary in 1973 and one for indecency with a juvenile in 1977. Defendant was sentenced on the latter conviction on February 28, 1977 to serve two (2) to ten (10) years with credit from August 16, 1976. These documents did not show a release date from the 1977 conviction nor did the State present any evidence of á release date. Defendant, however, introduced into evidence a letter from the Texas Department of Corrections showing a discharge date from the 1977 conviction as May 23, 1977. The instant offense was committed June 8, 1982, more than five years from discharge on the predicate conviction as set forth in the letter. The State argues the letter may not be authentic but failed to object to the letter’s authenticity at the hearing and cannot raise this objection for the first time on appeal. C.Cr.Pro. Art. 841.
Even assuming arguendo that the letter is not authentic, defendant’s sentence as a multiple offender cannot be sustained. The burden of proof is on the State not the defendant. State v. Nasworthy, supra. The record clearly shows the State failed to carry its burden of proof that less than five years elapsed since discharge on the predicate offense.
In brief, the State acknowledges that because there is no evidence in the record of discharge dates, it would appear that they failed to carry their burden. They argue, however, that even if defendant had served only eleven months of his Texas sentence then five years would not have elapsed.
We must necessarily reject this argument. In the absence of evidence to the contrary, this Court cannot assume what the length of defendant’s incarceration may have been. To hold otherwise would interject speculation and conjecture in reaching a necessary factual conclusion. The State must prove this fact as an element of a multiple offender adjudication. Thus it was error for the trial court to sentence defendant under the provisions of La.R.S. 15:529.1.
Although La.R.S. 15:529.1 does not set a specific period of time in which a multiple bill must be filed, the jurisprudence requires that the State file a multiple bill within a reasonable time after it becomes known that the defendant has a prior felony record. State v. Broussard, 416 So.2d 109 (La.1982). Defendant was convicted of the instant offense in 1983. Although his conviction and multiple bill sentence were initially affirmed by this court in 1984, we set aside the multiple bill adjudication on September 30, 1987 pursuant to an application for post conviction relief. Thereafter, the record reflects that another multiple bill hearing was set for November 5, 1987. No action was taken at that time other than the court ordering a pre-sentence investigation. The hearing was then reset and continued a total of ten times until, finally fifteen months after it was filed, the hearing took place on December 2, 1988. Under these circumstances we conclude that to remand the case for another multiple bill hearing would constitute an unreasonable delay as interpreted by Broussard, supra. The State failed to carry its burden on December 21, 1987 and thus defendant’s multiple bill adjudication must be vacated.
For the foregoing reasons, defendant’s sentence as a multiple offender is vacated. The case is remanded for resentencing as a first offender pursuant to the provisions of La.R.S. 14:89.1.[2]
SENTENCE VACATED; REMANDED.

. For a recitation of the facts leading to defendant/s conviction pursuant to La.R.S. 14:89.1, see State v. Wheeler, supra.

. Defendant's remaining assignments of error are moot and will not be addressed.