575 So.2d 456 (1991)
STATE of Louisiana
v.
David FALGOUT.
No. 90-KA-1854.
Court of Appeal of Louisiana, Fourth Circuit.
January 31, 1991.
*457 Harry F. Connick, Dist. Atty., Michael J. Reynolds, Asst. Dist. Atty., New Orleans, for plaintiff/appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant/appellant.
Before SCHOTT, C.J., and LOBRANO and BECKER, JJ.
BECKER, Judge.
Defendant, David Falgout, was charged on June 23, 1988, by bill of indictment with violations of La. R.S. 14:42, 14:44 and 14:64, aggravated rape, aggravated kidnapping and armed robbery. He was arraigned and pled not guilty. At trial a twelve member jury found him guilty of forcible rape, simple kidnapping and simple robbery. He was then sentenced to twenty-five years at hard labor without benefit of parole for the first ten years for forcible rape, to five years at hard labor for the simple kidnapping; and to seven years at hard labor for the simple robbery. All of the sentences are to run concurrently and the defendant received credit for time served on all three convictions. Mr. Falgout was sentenced on August 31, 1989, as a multiple offender on the first count only, forcible rape. He received the same termtwenty-five years at hard labor without benefit of parole for the first ten yearswith the addition that the entire sentence be served without benefit of good time. The enhanced sentence was to run concurrently with the other sentences.
This court vacated the defendant's multiple offender sentence in appeal number 88-KA-2361 because the defendant was not informed of his rights at the multiple offender hearing. On July 17, 1990, a second multiple bill hearing occurred and Mr. Falgout's original sentence was reinstated, without, however, the provisions denying good time. Mr. Falgout now appeals the second multiple bill conviction arguing that the state erred in not presenting evidence that he had been discharged from custody on his prior offense less than five years before the present offense before sentencing him as a habitual offender.
At the multiple bill hearing the state offered evidence showing that Mr. Falgout was the same person who pled guilty to simple burglary of an inhabited dwelling and was sentenced on June 9, 1982 to six years at hard labor. The state however, introduced no evidence showing when Mr. Falgout was released from state custody on this sentence.
La. R.S. 15:529.1(C), the habitual offender law, provides that the statute does not apply when more than five years has elapsed since expiration of the sentence of the previous conviction and the commission of the last felony. Moreover, the state has the burden of establishing that five years has not elapsed between the defendant's release from custody and a new offense. State v. Nasworthy, 542 So.2d 715, 717 (La.App. 4th Cir.1989).
The State argues however, that since it is clear on the face of the record that the cleansing period has not elapsed, it is unnecessary to present evidence of the actual date of release from the prior sentence. We agree.
The defendant was charged on the underlying felony offense for burglary of an inhabited dwelling in docket number 289-145, Section D of the Criminal District Court. On June 16, 1982 he was sentenced as a multiple offender to serve six (6) years at hard labor with credit for time served from February 20th 1982, the date of his arrest. Since he was a multiple offender he could not have received credit for "good *458 time" (L.S.A.-R.S. 15:571.3C(2)) and under the law existing at the time,[1] he would not have been eligible for parole until he had served at least 1/3 of his sentence. Therefore, giving the defendant every benefit for which he might have been eligible, his earliest release date would have been February 19, 1984. Adding to that date the five year cleansing period of the statue, the time limitation would not have become effective until February 1989. The present offense was committed on June 10, 1988, well within that time frame. Unlike Nasworthy where the previous conviction was from Georgia and the release date was not apparent from the record, we find that although the State did not affirmatively establish that the time period had not elapsed, the record indicates "more probable than not" it had not elapsed. See State v. Turner, 365 So.2d 1352 (La. 1978). This assignment is without merit.
A review of the record indicates there are no errors patent.
Accordingly, the defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] L.S.A.-R.S. 15:574.4 was amended in July 1982 to require second felony offenders to serve at least ½ of their sentence before being eligible for parole.