653 So.2d 746 (1995)
STATE of Louisiana
v.
Lester JONES.
No. 94-KA-0071.
Court of Appeal of Louisiana, Fourth Circuit.
March 29, 1995.
*747 Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant.
Harry F. Connick, Dist. Atty., Charmagne Padua, Asst. Dist. Atty., New Orleans, for appellee.
Before KLEES, BYRNES and CIACCIO, JJ.
BYRNES, Judge.
Lester Jones appeals his convictions and sentences for two counts of armed robbery, as well as his conviction and sentence as a multiple offender. We affirm.
Latrice Robinson and Theresa McKay testified that at about 12:30 a.m. on April 15, 1992 they stopped for a sandwich at a shop on St. Claude Avenue and Elysian Fields. Other passengers in their vehicle were Theresa McKay's brother, Michael Griffin, and two younger children. As Latrice Robinson and Theresa McKay walked out of the shop, a man followed them and pointed a gun at the two women and told them to do what he said or: "he was going to kill this whore." When he demanded their jewelry, Latrice Robinson dropped four rings, chains and a medallion to the ground, and Theresa McKay handed the perpetrator her purse and a chain. The robber told McKay to drive off as fast as she could. McKay tried to follow the robber as he was leaving but she left the area when Robinson insisted that McKay take her home. After McKay dropped off the passengers, she attempted to find the robber but was unsuccessful. She drove to the first district police station and reported the robbery and gave a description of the car as possibly being a Cadillac which was burgundy, with a white vinyl top, dark tinted windows and a white wheel mounted on the back.
New Orleans Police Officer Herman Cade testified that he and his partner found a red Oldsmobile that matched Theresa McKay's description in the Desire Housing Project. The vehicle did not have a wheel on the trunk. Dressed in plain clothes, the officers were looking at the car when the defendant approached and admitted the vehicle belonged to him on April 22, 1992. When questioned about the jewelry he was wearing, Jones first said he bought it from a catalogue and then declared that he bought the jewelry "hot" from the project. Officer Cade arrested the defendant for possession of stolen property. Later that night at a physical lineup, Theresa McKay and Latrice Robinson identified the defendant as the man who robbed them at gunpoint. McKay and Robinson also identified the defendant at trial.
Detective James Stewart testified that he conducted a search at 3223-B Desire Parkway, which was the home of Rosa Jones, the defendant's mother. The officer found two boxes of ammunition, a gun and a beeper. Theresa McKay identified the beeper as having been in her purse when it was taken from her.
At police headquarters on April 22, 1992, Lester Jones was formally advised of his rights, and he made a statement to Lieutenant Martin Venezia in which the defendant admitted committing the armed robbery.
Rudy Schofield of S & S Auto testified that a continental kit (a spare tire mounted on the rear bumper of a car) can be put on and taken off easily. When the wheel is dismounted, there is no evidence it has ever been on the car.
Numa Bertel, Jr. of the Orleans Indigent Defender Program ("OIDP") testified that no attorney was called to represent the defendant at the lineup although an OIDP attorney can always be reached.
On June 18, 1992 Lester Jones was charged with two counts of armed robbery, violations of La.R.S. 14:64. After a mistrial based on a hung jury, at a second trial on March 3-4, 1993, a twelve-member jury found the defendant guilty as charged. On August 24, 1993 the defendant was sentenced to serve 100 years at hard labor without benefit of parole, probation or suspension of sentence as a second offender under La.R.S. 15:529.1 on the first count and to serve 99 years without benefit of parole, probation, or suspension of sentence on the second count with both sentences running concurrently.
*748 On appeal the defendant contends that the trial court erred in: (1) denying a mistrial based on the claim that the prosecutor made prejudicial remarks; and (2) adjudicating the defendant as a second offender.
Initially, the defendant argues that the prosecutor improperly informed the jury that the trial judge had denied motions to suppress the confession and identifications, which amounted to the court's commenting on the evidence, which was prejudicial because the jurors would substitute the judge's opinion for their own as to the voluntariness of the confession and lineup identifications.
After Numa Bertel testified for the defense that the defendant is entitled to have a lawyer present at a lineup, the prosecutor asked Numa Bertel whether he filed motions to suppress. Defense counsel objected to the line of questioning, and the trial court noted the objection. When the prosecutor asked if the trial court had ruled that the confession and identification were made under constitutional guarantees, Bertel answered that it had but he did not agree and had "notified the court I was going to seek relief at the higher court because I didn't agree with the court's ruling." The prosecutor responded, "And here we are today."
The defendant claims that the law does not require that he should request a mistrial which would have been a vain and useless act where the trial court already ruled against his objection to the line of questioning. However, without a motion for mistrial or admonition by the defendant, the error alleged cannot be reviewed on appeal. State v. Bolton, 408 So.2d 250, 257 (La.1981). Mistrial is a drastic remedy, and, except in circumstances in which a mistrial is mandatory, is warranted only when a trial error results in substantial prejudice to the defendant, depriving him of a reasonable expectation of a fair trial. State v. Lee, 618 So.2d 551 (La.App. 4 Cir.1993), writ denied 624 So.2d 1222 (La.1993).
In the present case the defendant did not request a mistrial or admonition. Moreover, the prosecutor's oblique observation was not an impermissible comment on the evidence and did not express an opinion as to the weight of the confession or the identifications. There was no direct reference to the court's finding that the defendant's confession was free and voluntary. The prosecutor's comments required the jury to make indirect inferences that were so remote that they did not result in substantial prejudice, and the defendant was not deprived of a fair trial.
The defendant also contends that the trial court erred in adjudicating him as a second offender based on the claim that the state failed to show that a five-year cleansing period transpired between the date of the defendant's present conviction and the completion of his sentence on the predicate offense. The defendant argues that proof of the projected release date of the predicate offense is insufficient to establish his date of discharge.
The state has the burden of proving that the five-year cleansing period has not expired. State v. Brown, 598 So.2d 565 (La. App. 4 Cir.1992), writ denied 605 So.2d 1092 (La.1992). However, in the present case the defendant's failure to object contemporaneously to the lack of a discharge date for the prior offense which was used to enhance his sentence as a multiple offender precludes review of his claim on appeal. La.C.Cr.P. art. 841; State v. Martin, 427 So.2d 1182 (La.1983); State v. Carter, 589 So.2d 1212 (La.App. 4 Cir.1991).
Accordingly, the defendant's convictions and sentences are affirmed.
AFFIRMED.