662 So.2d 128 (1995)
STATE of Louisiana
v.
Clarence LORIO.
No. 94-KA-2591.
Court of Appeal of Louisiana, Fourth Circuit.
September 28, 1995.
Harry F. Connick, District Attorney, Mark D. Pethke, Assistant District Attorney, New Orleans, for Plaintiff/Appellee.
Kimberly Seib, Sherry Watters, Orleans Indigent Defender Program, New Orleans, for Defendant/Appellant.
Before CIACCIO, ARMSTRONG and LANDRIEU, JJ.
ARMSTRONG, Judge.
The defendant, Clarence Lorio, was charged by bill of information with possession with intent to distribute cocaine, a violation *129 of La.R.S. 40:967(A)(1). Lorio entered a plea of not guilty. Following a trial by jury the defendant was found guilty as charged. The defendant was charged and adjudicated a habitual offender under La.R.S. 15:529.1. He was sentenced as a fourth felony offender to serve thirty years at hard labor. The defendant now appeals.

FACTS:
On September 25, 1993, Officer Tommy Mercadel, Officer Chad Stokes, and Officer Beaulieu were involved in an undercover drug investigation initiated in response to reports of drug activity in the 800 block of Conti Street. Officer Mercadel was dressed as a waiter, as the reports indicated many of the buyers were waiters in the French Quarter. As Officer Mercadel walked in the 800 block of Conti Street, the defendant approached him and asked if he was "looking". Officer Mercadel responded that he was looking for rocks and the defendant said that he could supply the rocks from the Iberville Project and asked that Officer Mercadel accompany him. Officer Mercadel refused to accompany him into the project, but the men agreed that Mercadel would wait near the St. Louis Cemetery while the defendant obtained the rocks of cocaine from the Iberville Project. Officers Stokes and Beaulieu watched these events.
Officer Mercadel waited near the St. Louis Cemetery about five minutes when the defendant returned and handed Officer Mercadel three pieces of a hard white rock-like substance. Officer Mercadel handed the defendant $60, $20 for each "rock." After the transaction was completed, the defendant walked away toward Officers Stokes and Beaulieu who were standing nearby. The defendant was then arrested, still holding in his hand the money Officer Mercadel gave him.
The defendant testified and admitted to providing Officer Mercadel with the cocaine. The defendant said that he did so when Officer Mercadel approached him and said that there was "something in it for him" if he supplied the cocaine. The defendant testified that he was a drug user and was planning to use the money to buy drugs. According to the defendant, Officer Mercadel suggested that he attempt to buy the cocaine in the Iberville Housing Project.

ERRORS PATENT:
A review of the record for errors patent reveals none.

ASSIGNMENT OF ERROR:
By the defendant's sole assignment of error, he contends that the trial court erred in finding him to be a fourth felony offender under the Habitual Offender Law. The defendant makes two separate claims: 1) that the State failed to prove that less than five years had lapsed between the date of discharge on the first offense and the date of the second offense and between the date of discharge on the second offense and the date of the third predicate offenses; and, 2) that the State failed to introduce sufficient evidence of the first predicate offense.
The initial question is whether the defendant has preserved these issues for appellate review. Following the Louisiana Supreme Court decision in State v. Shelton, 621 So.2d 769 (La.1993), the Louisiana Legislature amended La.R.S. 15:529.1(D)(1)(b) to place the burden of challenging a predicate conviction in a multiple bill proceeding on the defendant. That subsection now provides, in pertinent part:
If the person claims that any conviction or adjudication of delinquency alleged is invalid, he shall file a written response to the information.... A person claiming that a conviction or adjudication of delinquency alleged in the information was obtained in violation of the constitutions of Louisiana or of the United States shall set forth his claim, and the factual basis therefore, with particularity in his response to the information. The person shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack a sentence.
In the present case, the defendant did not file a written response to the habitual offender bill of information complaining of any of the prior convictions. Accordingly, *130 the defendant's argument that the State did not produce sufficient proof of the 1977 conviction is not preserved for appeal.
The State, in its brief, does not address the defendant's other argument that the State failed to carry their burden of showing that less than five years lapsed between the offenses. In State v. Jones, 94-0071 (La.App. 4th Cir. 3/29/95), 653 So.2d 746, this Court held that an appellant's failure "to object contemporaneously to the lack of a discharge date for the prior offense which was used to enhance his sentence as a multiple offender precludes review of his claim on appeal." Jones, 94-0071, pg. 5, 653 So.2d at 748.
In the instant case, defense counsel objected to the introduction of State exhibits 2, 3 and 4 at the habitual offender hearing and stated: "note the objections to the certified copies of the prior charges used as the predicate in this matter." While the defendant did not specifically object to the State's failure to show that the five year cleansing period had not lapsed, his objections mentioned above are sufficient to preserve this issue for appeal.
La.R.S. 15:529.1(C), the Habitual Offender Law, provides that the statute does not apply when more than five years has elapsed since the expiration of the maximum sentence, or sentences, of the previous convictions, or convictions, and the time of the commission of the last felony for which he has been convicted.[1] The State has the burden of proving that five years has not elapsed between the defendant's release from custody on the prior offense and the new offense. State v. Franklin, 94-409 (La.App. 5th Cir. 12/14/94) 648 So.2d 962, writ denied, 95-0143 (La. 5/19/94) 654 So.2d 1354; State v. Brown, 598 So.2d 565 (La.App. 4th Cir.1992), writ denied, 605 So.2d 1092 (La.1992); State v. Falgout, 575 So.2d 456 (La.App. 4th Cir. 1991).
The Louisiana Supreme Court has stated that the expiration of a previous sentence is determined by the date of the actual discharge from supervision by the Department of Corrections. State ex rel. Wilson v. Maggio, 422 So.2d 1121, 1123 (La.1982); State v. Anderson, 349 So.2d 311 (La.1977). "Discharge from supervision can take place earlier than the theoretical date on which the initial sentence would have terminated, because of a pardon, commutation, or good time credit. Or it can take place later because of parole revocation." State ex rel. Wilson v. Maggio, 422 So.2d at 1123.
In Falgout, the State did not introduce any evidence showing the defendant's date of release on the predicate offense. This court considered the defendant's eligibility for good time and parole in determining the defendant's earliest release date from the predicate offense. The court acknowledged that the defendant was not eligible for good time, and would not have been eligible for parole until he had served at least one-third of his sentence. The court stated:
Unlike [State v.] Nasworthy, [542 So.2d 715 (La.App. 4th Cir.1989)] where the previous conviction was from Georgia and the release date was not apparent from the record, we find that although the State did not affirmatively establish that the time period has not elapsed, the record indicates "more probable than not" it had not elapsed. See State v. Turner, 365 So.2d 1352 (La.1978).
Falgout, 575 So.2d at 458.
The Louisiana Supreme Court, in Turner, reviewed defendant Mallet's claim that the evidence presented at his multiple offender hearing did not establish the date of discharge from his prior conviction. The court stated that
While the record does not affirmatively establish that the five years had or had not elapsed, the showing indicates that more probably than not it had not elapsed between the crimes.
Turner, 365 So.2d at 1355.
We have reviewed the evidence in the record concerning the defendant's prior offenses, sentences, and discharge dates, or *131 lack thereof. During the habitual offender hearing, the trial court urged the assistant district attorney to provide discharge dates on the predicate offenses. The assistant district attorney, however, did not present any evidence of actual discharge dates, but rather calculated the discharge date based upon the full sentence and the date of conviction without taking into account possible early discharge for good time or for other reasons. Additionally, the assistant district attorney stated that the defendant's sentence on the first predicate conviction was eighteen months; however, that sentence was reduced to one year. It is possible that the defendant, given credit for time served and credit for good time, may have been discharged from custody on the first offense more than five years before the second offense was committed and likewise the defendant may have been discharged on the second felony offense more than five years before the third felony was committed. Accordingly, because the State did not present affirmative proof as to the discharge dates of the three predicate offenses, which are essential elements in a habitual offender case (see State v. Franklin), this assignment of error has merit.
For the foregoing reasons, we affirm the defendant's conviction. We vacate the defendant's habitual offender adjudication and sentence and remand this case for further proceedings consistent with this opinion.
CONVICTION AFFIRMED; HABITUAL OFFENDER SENTENCE VACATED; REMANDED.
NOTES
[1] La.R.S. 15:529.1(C) was amended and reenacted by Acts 1994, 3rd Ex.Sess., No. 23, § 1, to increase the time period between sentences from five years to seven years. This change became effective on August 27, 1994. However, the defendant's habitual offender hearing was held prior to August 27, 1994 and thus the five year period would still apply to the defendant.