jaPITCHER, Judge.
Gregory Warner was charged by bill of information with possession of stolen things, a violation of LSA-R.S. 14:69. He pled not guilty and, after trial by jury, was convicted as charged. The court sentenced him to serve a term of ten years imprisonment at hard labor. Subsequently, the state filed a bill of information charging defendant as a second felony offender based upon a previous felony conviction in 1980 for theft (of a value between $100 and $500). After a hearing, the trial court found defendant to be a second felony offender, vacated the original sentence, and sentenced defendant as a habitual offender to serve a term of eighteen years imprisonment at hard labor.
Defendant has appealed. In connection with his conviction for possession of stolen things, he assigns as error a request that the conviction be reversed due to patent error. Such a request is unnecessary as this Court routinely reviews all appeal records for the existence of patent error. See LSA-C.Cr.P. art. 920(2). On appeal, defendant *1162 does not specifically brief this assignment, nor does he call this court’s attention to the existence of any particular patent error. We have reviewed the record of defendant’s conviction for possession of stolen things and have found no indication of patent error. In connection with defendant’s adjudication as a second felony habitual offender, he assigns the following as error: (1) the court’s error in adjudicating him as a habitual offender; and (2) the court’s imposition of an excessive sentence.
In a pro se brief filed with this court, defendant attacks the sufficiency of the evidence and advances a variety of arguments relating to the effectiveness of his trial counsel. For the following reasons, we refuse to consider these pro se arguments. Although defendant asked the trial court to allow him to represent himself on appeal, the court denied the request after a hearing and appointed counsel to represent defendant on appeal. Defendant’s applications seeking review of the trial court’s denial of his motion for self-representation were denied. State v. Warner, 594 |aSo.2d 397 (La.App. 1st Cir. 1991), writs denied, 596 So.2d 196, 600 So.2d 668 (La.1992). A criminal defendant has no right to be both represented and representative. State v. McCabe, 420 So.2d 955, 958 (La.1982). Thus, we will not consider his pro se arguments. Furthermore, the claims raised in the pro se brief were not formally assigned as error. In accordance with well-established jurisprudence, this Court will not consider arguments which are neither assigned as error nor related to errors patent on the face of the record. State v. Johnson, 552 So.2d 807, 808 n. 2 (La.App. 1st Cir. 1989). See LSA-C.Cr.P. arts. 844 and 920.

ADJUDICATION AS HABITUAL OFFENDER

In this assignment of error, defendant claims the court erred when it adjudicated him as a second felony habitual offender. Defendant claims the five year cleansing period provided by LSA-R.S. 15:529.1(C) had expired before the commission of the instant offense and the court improperly considered an offense defendant committed on July 6, 1987 as interrupting the five year cleansing period. In response, the state claims that, because defendant did not go an entire five year period without serving time in a penal institution, the five year cleansing period did not apply.
The habitual offender statute contains a five year cleansing period:
This Section shall not be applicable in eases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said five year periods.
LSA-R.S. 15:529.1(C). The date of actual discharge from the state’s custody, whether extended through revocation of parole or shortened by law due to “good time” diminution of the initial sentence, is the controlling date for determining the expiration of the predicate felony. State v. Johnson, 552 So.2d at 809-10.
At the hearing, the state introduced records from the Twenty-Second Judicial District Court which showed that, on October 29, 1980, “Kent Warner” pled guilty to theft of an item valued at more |4than $100 and less than $500. This was the offense listed in the habitual offender bill as being the predicate felony. The state also introduced a copy of defendant’s records from the Louisiana Department of Public Safety and Corrections, commonly referred to as a “pen pack.” On appeal, defendant concedes that, although various names for the defendant are listed in the documents contained in the pen pack, the state’s fingerprint expert established that the records relate to defendant. A document in the pen pack shows that defendant was discharged from state custody on the theft conviction on August 4, 1982.
Documents contained in the pen pack also reveal that, on August 19, 1987, defendant pled guilty in the Twenty-Second Judicial District Court to unauthorized use of a movable valued over $1000. The offense occurred *1163 on July 6, 1987, and defendant was discharged from state custody on May 10, 1989. This conviction is not listed in the habitual offender bill as a predicate felony.[1]
The state also introduced the testimony of John Sumrall, a Bogalusa City Police Officer, who was asked by the state to interpret defendant’s rap sheet which was included in the pen pack. According to Sumrall’s testimony, defendant was placed on probation for other offenses after his discharge on the predicate felony on at least two occasions prior to commission of the instant offense. Sumrall testified that defendant was “placed on probation” on January 16, 1984, the probation “began” on February 3, 1984, and the probation was “closed out” on November 21, 1985. Sumrall | ¡¡further testified that defendant was “placed” on probation on August 19, 1987, the probation “began” July 6,1987, and the probation “ended” August 19, 1989 with revocation. Sumrall also testified that at some point defendant received a seven year sentence from which he was discharged on May 10,1989. Sumrall indicated the date for this sentence was not on the rap sheet.[2]
At the conclusion of the habitual offender hearing, defense counsel claimed the issue was whether or not defendant was out of jail for a cumulative five year period between his discharge on the predicate felony conviction (August 4, 1982) and the commission of the instant offense (July 3, 1990). In response, the state claimed it had established numerous periods of incarcerations during that time period and, because defendant did not make it through an entire five year period without being incarcerated, the five year cleansing period provision did not apply. After reviewing post-hearing memoranda on the issue, the trial court adjudicated defendant to be a second felony offender. In written reasons, the court concluded that the 1987 intervening felony conviction “interrupted” the five year cleansing period. Because an uninterrupted five year period did not elapse between August 4, 1982 and July 3, 1990, the court concluded that the cleansing period provision did not apply. Defendant objected to this ruling by the court.
The threshold issue which must be resolved is whether the cleansing period provisions of LSA-R.S. 15:529.1(C) apply only to felony convictions which are being used as a predicate for the habitual offender charge or whether the provisions apply to any felony conviction, even if the conviction is not being used to secure the habitual offender adjudication. If the phrase, “the previous conviction, or convictions,” contained in LSA-R.S. | (¡15:529.1(C) refers only to a predicate felony conviction, then more than five years elapsed between defendant’s discharge on his 1980 ■ conviction (August 4, 1982) and the commission of the instant offense (July 3, 1990) and his adjudication as a second felony offender must be set aside. However, if the phrase applies to any felony conviction, because less than five years elapsed between defendant’s discharge on the predicate felony conviction (August 4, 1982) and his commission of the intervening felony (July 6, 1987), and less than five years also elapsed between defendant’s discharge on the intervening felony *1164 conviction (May 10,1989) and his commission of the instant offense (July 3,1990), then the five year cleansing period does not prohibit defendant’s adjudication as a second felony offender based upon his 1980 conviction. Additionally, under this interpretation time spent in custody for all of the offenses would be excluded from the calculations as a result of the final sentence of Subsection (C) of LSA-R.S. 15:529.1.
After reviewing the language of Subsection (C) and reading it in context with the entirety of LSA-R.S. 15:529.1, we hold that the phrase, “the previous conviction, or convictions,” refers to any felony conviction.
The drafters of the habitual offender statute viewed the five year cleansing period as applying only when a defendant managed to live five years without having any felony convictions. See Bennett, The Work of the Louisiana Supreme Court for the 1947-1948 Term — Criminal Law and Procedure, 9 La. L.Rev. 247, 271-72 (1949); Wilson, The Louisiana Criminal Code — Making the Punishment Fit the Criminal, 5 La.L.Rev. 53, 61-62 (1942). See also State v. Anderson, 349 So.2d 311, 314-15 (La.1977).
Therefore, because less than five years elapsed between defendant’s discharge on the predicate felony conviction (August 4, 1982) and his commission of the intervening felony (July 6,1987), and less than five years also elapsed between defendant’s discharge on the intervening felony conviction (May 10, 1989) and his commission of the instant offense (July 3, 1990), the five year ^cleansing period did not prohibit defendant’s adjudication as a second felony offender based on his 1980 conviction. This assignment of error is without merit.
HABITUAL OFFENDER ADJUDICATION AND SENTENCE AFFIRMED;

. In his pro se briefs, defendant appears to confuse this 1987 St. Tammany Parish conviction with a different conviction from Orleans Parish for unauthorized use of a movable valued over $1000. According to defendant, the Orleans Parish conviction was reduced to a misdemeanor by the appellate court and should not have been considered by the trial court in the instant habitual offender proceeding. See State v. Warner, 543 So.2d 571 (La.App. 4th Cir.1989). That the prosecutor also might have confused these two convictions is evident from comments made by the state at the habitual offender hearing. The prosecutor explained that it relied on the 1980 conviction as the predicate felony conviction because he routinely was unable to get cooperation from the Orleans District Court. However, the conviction relied upon by the trial court to interrupt the five year period arose from an offense on July 6, 1987 and had a discharge-from-custody date of May 10, 1989. Those dates correspond to documents in the pen pack relating to a St. Tammany Parish conviction and not to the Orleans Parish conviction.

. Sumrall indicated that his review was limited to the rap sheet. Our review of the pen pack reveals that some of the dates mentioned by Sumrall are confusing and are not supported by other documents contained in the pen pack. For example, Sumrall testified that defendant's probation for one of the offenses ended with revocation on August 19, 1989. However, records contained in the pen pack show the probation was revoked at an earlier date and defendant was discharged on that offense on May 10, 1989.