EDWARD A. DUFRESNE, JR, Chief Judge.
 

 12The Jefferson Parish District Attorney filed a bill of information charging defendant, Barron S. Avist, with a violation of LSA-R.S. 15:542 in that he failed to register as a sex offender after having been convicted of sexual battery on June 28, 1999. At the arraignment, defendant pled not guilty. However, on December 4, 2007, defendant withdrew that plea and, after being advised of his constitutional rights, pled guilty as charged. The trial judge, on January 4, 2008, sentenced defendant to imprisonment at hard labor for five years without benefit of parole, probation, or suspension of sentence.
 

 The State thereafter filed a multiple offender bill of information alleging defendant to be a third felony offender based upon a 1999 conviction for sexual battery in Jefferson Parish case number 99-170 and a 1988 conviction for indecent behavior with a juvenile in Orleans Parish case number 326-845. Defendant denied the allegations in the multiple bill and filed a motion to quash based on double | ¿jeopardy. In support of his motion, defendant argued that his 1999 sexual battery conviction in case number 99-170 could not be used as a predicate in the multiple offender bill because it was already used as the underlying felony to convict him of failure to register as a convicted sex offender. Defendant further argued that the State could not use his 1988 conviction in case number 326-845 as a predicate because more than ten years had elapsed between the commission of the underlying felony on December 28, 2006 and the time when his sentence ended on his 1988 conviction, May 28, 1992. He contended that the 1999 conviction could not be used to calculate the ten year cleansing period because that conviction had already been used to convict him of failure to register as a convicted sex offender.
 

 In response, the State conceded that defendant’s 1999 sexual battery conviction could not be used in finding him to be a third felony offender because that conviction was relied upon as an element of the failure to register as a convicted sex offender conviction. Nevertheless, the State argued that defendant could still be found to be a second felony offender by using his 1988 conviction. The State contended that, even though the 1999 conviction could not be used as a predicate in the multiple bill to enhance his sentence, it could still
 
 *1205
 
 be used in calculating the ten year cleansing period between the 1988 and 1999 convictions, and between the 1999 and 2007 convictions.
 

 After considering the arguments of counsel presented in their memorandums and at the August 22, 2008 hearing on the multiple bill, the trial judge granted the motion to quash in part and denied it in part. He ruled that the 1999 conviction could not be used to find defendant to be a third felony offender; however, the 1999 conviction could be used to calculate the ten year cleansing period, thus linking the 1988 and 2007 convictions.
 

 |4Affcer the trial judge’s ruling on the motion to quash, defense counsel stipulated that defendant was previously convicted in 1988
 
 [1]
 
 and that his sentence ended in 1992. Defendant then testified that he understood he had a right to remain silent and a right against self-incrimination, and that he was giving up those rights by allowing his attorney to stipulate to his previous conviction. Defendant also testified that he was waiving his right to testimony at a hearing, but not the hearing itself. After considering defendant’s testimony, the trial judge found defendant to be a second felony offender.
 

 The trial court thereafter vacated the original sentence and resentenced defendant to imprisonment at hard labor for five years without benefit of parole, probation, or suspension of sentence. On August 26, 2008, defendant filed a motion for reconsideration of sentence that was denied and a motion for appeal that was granted.
 

 The sole argument raised by defendant on appeal is that the trial judge erred in finding him to be a second felony offender. Defendant contends that his 1999 conviction cannot be used to calculate the ten year cleansing period since it was already used in the underlying conviction of failure to register as a sex offender.
 

 In contrast, the State contends that the trial court did not err in finding defendant to be a second felony offender. To support its position, the State cites
 
 State v. Warner,
 
 91-1387 (La.App. 1 Cir. 6/24/94), 638 So.2d 1160, in which defendant claimed that the trial court erred when it found him to be a second felony offender. In
 
 Warner,
 
 the defendant contended that the five year cleansing period provided by LSA-R.S. 15:529.1 C had expired before the commission of the instant offense and the trial court improperly considered an offense defendant committed on July 6, 1987 as interrupting the five year cleansing period. It is noted that the | Rconviction based on the 1987 offense was not listed in the multiple bill as a predicate. The First Circuit stated that the threshold issue to be resolved was whether the cleansing period provisions of LSA-R.S. 15:529.1 C applied only to felony convictions which were being used as a predicate for the habitual offender charge or whether the provisions applied to any felony conviction, even if the conviction was not being used to secure the habitual offender adjudication. The First Circuit found that LSA-R.S. 15:529.1 C referred to any felony conviction. The court therefore concluded that, because less than five years elapsed between defendant’s discharge on the predicate felony conviction and his commission of the intervening felony, and less than five years also elapsed between defendant’s discharge on the intervening felony conviction and his commission of the instant offense, the five year cleansing period did not prohibit defen
 
 *1206
 
 dant’s adjudication as a second felony offender based on his 1980 conviction.
 
 State v. Warner,
 
 638 So.2d at 1164.
 

 At the time
 
 Warner
 
 was decided in 1994, LSA-R.S. 15:529.1 C provided in pertinent part:
 

 C. This Section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted[.]
 

 However, at the time the underlying offense in the instant case was committed in 2006, LSA-R.S. 15:529.1 C provided in pertinent part:
 

 C. The current offense shall not be counted as, respectively, a second, third, fourth, or higher offense if more than ten years have elapsed between the date of the commission of the current offense or offenses and the expiration of the maximum sentence or sentences of the previous conviction or convictions, or adjudication or adjudications of delinquency, or between the expiration of the maximum sentence or sentences of each preceding conviction or convictions or adjudication or adjudications of delinquency
 
 alleged in \ «the multiple offender bill
 
 and the date of the commission of the following offense or offenses[.] [Emphasis added]
 

 Whereas the 1994 version of LSA-R.S. 15:529.1 C was silent on the issue, the 2006 version of the statute indicates that only predicate felony convictions alleged in the multiple bill can be used to interrupt the ten year cleansing period. Based on the wording of the statute, we conclude that the 1999 conviction in the instant case cannot be used to link defendant’s 1988 conviction with his 2007 conviction. Therefore, the trial court erred in finding defendant to be a second felony offender.
 

 We have also reviewed the record for errors patent in this case in accordance with LSA-C.Cr.P. art. 920, and we have found none.
 

 Accordingly, for the reasons set forth herein, we vacate the trial judge’s determination that defendant is a second felony offender and the sentence imposed pursuant to the multiple offender proceedings. We affirm defendant’s conviction for failure to register as a sex offender and reinstate his original sentence of five years at hard labor without benefit of parole, probation, or suspension.
 

 CONVICTION AFFIRMED; MULTIPLE OFFENDER ADJUDICATION AND SENTENCE VACATED; ORIGINAL SENTENCE REINSTATED.
 

 [1]
 

 . At the multiple bill hearing, defense counsel referred to the case number as 826-845; however, the multiple bill indicates that the case number for the 1988 conviction was 326-845.